Dear Dr. Coe:
You have asked this office to advise you whether the use of the word "shall" in R.S. 32:681 (C) is mandatory or permissive. R.S. 32:681 (C) states:
 681. Post accident drug testing; accidents involving fatalities, required
 *** C. In the case of all traffic fatalities, the coroner, or his designee, shall perform or cause to be performed a toxicology screen on the victim or victims of all traffic fatalities for determining evidence of the presence of any abused substance or controlled dangerous substance as set forth in R.S. 40:964 or any other impairing substance which shall include the extracting of all bodily substance samples necessary for such toxicology screen. The coroner, or his designee, shall be responsible for ensuring the body is not removed from his custody until such time as the bodily substance samples are extracted. The coroner's report shall be made available to the investigating law enforcement agency and may be admissible in any court of competent jurisdiction as evidence of the presence of an abused substance or controlled dangerous substance as set forth in R.S. 40:964 or any other impairing substance at the time of the fatality. Nothing herein shall be construed to limit the authority of the investigating law enforcement agency from conducting an investigation of the accident scene concurrently with the coroner or his designee.
The rules of statutory construction dictate that the use of the word "shall" in a statute is mandatory. R.S. 1:3 states: *Page 2 
 Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word "shall" is mandatory and the work "may" is permissive.
Thus, in answer to your question, the use of the word "shall" in R.S.32:681 (C) is mandatory.
Of further interest to you may be Attorney General Opinion 07-0035, copy attached, in which this office concluded that the language of R.S.32:681 (C) places primary control of a traffic fatality scene investigation with the coroner, rather than with law enforcement agency.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:___________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
 ATTACHMENT
CHARLES C. FOTI, JR., ATTORNEY GENERAL
MAY 16, 2007
OPINION NO. 07-0035
50 — HIGHWAYS
LSA R.S. 32:661(A)(2)(b)
LSA R.S. 32:681 (C)
Under LSA R.S. 32:661(A)(2)(b), in all traffic fatalities, the coroner "shall" extract all blood substance samples necessary for screening and be responsible for ensuring the body is not removed from his custody until such extraction has been conducted. Therefore. the police officer and/or State Trooper do no supersede the Coroner and may not demand a blood sample be drawn for alcohol testing (via heart tap) in a traffic fatality.
Dean Nugent, Coroner
Grant Coroner's Office
P.O Box 399
Colfax, LA 71417-0399
Dear Mr. Nugent:
As coroner of Grant Parish, you have requested an Attorney General opinion addressing the following issue:
 Whether a police officer and/or State Trooper has the authority to supersede the Coroner and demand a blood sample be drawn for alcohol testing (via heart tap) after death is established?
Under LSA R.S. 32:661 (A)(2)(b), in all traffic fatalities, the coroner "shall" extract all blood substance samples necessary for screening. The coroner shall be responsible for ensuring the body is not removed from his custody until such extraction had been conducted. Additionally, despite the Louisiana State Police contention that Louisiana State Police exclusively control traffic fatality scenes, the language provided at the conclusion of LSA R.S. 32:662 suggests the investigating law enforcement agency conducts its investigation concurrently with the coroner, rather than the coroner concurrently with the law enforcement agency.
By reiterating the language of LSA R.S. 32:661 (A)(2)(b), LSA R.S.32:681 (C), adopted in 2006, reaffirms the role of the coroner as the mandatory extractor and screener of bodily fluid samples. Once again, the language suggests concurrent investigations by the coroner and the law enforcement agency.
Statutory language is the primary means of divining legislative intent. The language of the two statutes places exclusive initial control of the decedent in a traffic fatality with the coroner and mandates the coroner be responsible for *Page 2 
toxicology screening of the decedent's bodily fluids. Since both paragraphs discussed above state that neither statute should be construed to limit an investigating agency from conducting an investigation concurrent with the coroner, this office is of the opinion the language of LSA R.S. 32:661 (A)(2)(b) and LSA R.S. 32:681 (C) places primary control of a traffic fatality scene investigation with the coroner, rather than with the law enforcement agency.
In conclusion, neither a police officer nor a State Trooper supersedes the role of the Coroner, and the agencies may not require the Coroner to provide them with a blood sample following a traffic fatality. We hope the foregoing Opinion has adequately addressed your inquiry and has been of value and helpful.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:___________________________
 DAVID A. WEILBAECHER, JR.
 ASSISTANT ATTORNEY GENERAL
 DAW/rb/jy